**Luis Alberto PLATA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–92–281–CR.

Court of Appeals of Texas, Corpus Christi.

March 10, 1994.

Angel Castro, Brownsville, for appellant.

Luis V. Saenz, Dist. & Co. Atty., John A. Olson, Asst. Co. & Dist. Atty., Brownsville, for appellee.

Before SEERDEN, C.J., and DORSEY and YANEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant, Luis Alberto Plata, was convicted, pursuant to indictment, of second-degree felony theft. The jury assessed a punishment of twenty years confinement and a $10,000 fine. By four points of error, appellant asserts that the evidence is insufficient to support the verdict, given the language of the charge as submitted, and he complains of the admission into evidence of certain extraneous offenses. We agree that the evidence is insufficient to convict as charged and reverse the judgment of the trial court.

### Factual Background

The record reflects that theft of money from an armored car occurred while the car was parked at a bank. Eyewitness testimony adduced at trial places a co-defendant, Eloy Hinojosa, at the scene, where he was observed carrying a plastic bin containing money bags to a car.

Appellant was arrested after police traced the license plate on the car used by Hinojosa to appellant's sister. The sister testified that she loaned appellant the car the morning of the theft.

Appellant's aunt testified that appellant and Hinojosa visited her apartment the morning of the theft, that appellant gave the keys to the sister's car to Hinojosa, that Hinojosa drove away in the car, and that appellant then left in a taxicab. A search of the aunt's home resulted in retrieval of a postal bin "similar" to the bins used in the armored car to segregate pickups from various customers.

The armored car driver testified that the money bags were discovered missing upon his return to the vehicle in the bank parking lot. The previously locked door was found ajar. There were no signs of forced entry. Additional testimony revealed that both appellant and Hinojosa were former employees of the armored car business and had access to keys that were virtually copy-proof.

Appellant's sister-in-law testified that she had seen appellant in the late morning hours on the day of the theft, and that he had a brown paper sack which contained "some" money. She was unable to assess the amount of money, or the denominations of bills. Appellant did not tell her where he acquired the money, nor did she inquire. She testified that appellant did not give her any money, but that he paid for pizza that was delivered with three five-dollar bills.

Appellant's girlfriend testified that appellant spoke to her of plans to break into an armored car with "Eloy," and that appellant revealed that he and "Eloy" had been following an armored car to become familiar with its route. She testified that appellant told her he intended to use his sister's car, not his own, when he executed the planned theft. The girlfriend further testified that, after the alleged theft, appellant tried to give her some money. She assumed that appellant and Hinojosa had committed the planned theft.

### Sufficiency of Evidence Under Charge Submitted

■ Appellant's first point of error complains that, under the theory of criminal responsibility submitted to the jury in the charge of the court, the evidence is insufficient to support his conviction. He asserts that the jury charge did not authorize the jury to convict him as a party to the theft because the application paragraph authorized his conviction only as a primary actor. We agree.

■ We review the sufficiency of the evidence against an "entire charge." *Jones v. State,* 815 S.W.2d 667, 670 (Tex.Crim.App. 1991) (citing *Garrett v. State,* 749 S.W.2d 784, 802–03 (Tex.Crim.App.1983) (opinion on rehearing)). However, "a charge which fails to apply a theory of law to the facts of the case is insufficient to authorize conviction on that theory, even where the theory of law is abstractly defined in the charge." *Id.*

■ The application paragraph of appellant's jury charge read as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 18th day of October, 1991, in Cameron County, Texas, the Defendants, Eloy Hinojosa and Luis Alberto Plata, did unlawfully appropriate [sic] United States Currency without the effective consent of Felipe Landin, the owner, with intent to deprive the said owner of said property permanently, and that the value of such property was then and there twenty thousand dollars ($20,000.00) or more and under the value of one hundred thousand dollars ($100,000.00), then you will find the defendants guilty of theft as charged in the indictment.

Some three paragraphs later, an abstract instruction on the law of parties was included:

All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Because the court's charge to the jury did not apply the law of parties to the facts of the case, the jury was authorized to convict appellant only on the basis of his own conduct. *Walker v. State,* 823 S.W.2d 247, 248

(Tex.Crim.App.1991); *Jones,* 815 S.W.2d at 670–71. Therefore, we must determine if the evidence is sufficient to find appellant guilty by his own conduct without regard to any solicitation, encouragement, direction, aid, or attempted aid he may have given to his co-defendant, Hinojosa. *See Walker,* 823 S.W.2d at 248.

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The conviction will be affirmed if review indicates that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

■ To be convicted of theft as a primary actor, the State must offer evidence sufficient to show that appellant "exercised control over property without consent of the owner, intending to deprive" the owner of the property. *Chavez v. State,* 843 S.W.2d 586, 588 (Tex.Crim.App.1992). While the State admits that no witness testimony places appellant at, or even near, the bank on the day in question, it is not necessary that appellant participated in the actual theft to be convicted thereof. *Id.* Receiving property from another, knowing it to be stolen, establishes the offense of theft because it is tantamount to a knowing exercise of control without consent of the owner. *See* TEX. PENAL CODE ANN. § 31.03(a) & (b) (Vernon 1989); *Chavez,* 843 S.W.2d at 588.

The only evidence adduced at trial relevant to knowing receipt of stolen property is the testimony of appellant's sister-in-law who stated that appellant visited her apartment with "some money" in a paper sack. There was no testimony with respect to when, where, or how appellant procured the money; neither was there testimony indicating the amount in his possession. Considering that appellant was charged with theft of property valued at $20,000 or more, without evidence placing him at the scene, evidence of unex-

plained possession of large amounts of money, or evidence of possession of money or other items identified as taken in the theft, no rational trier of fact could have found the essential elements of theft, even theft by receipt of stolen property, beyond a reasonable doubt. *See Sharp,* 707 S.W.2d at 614. We sustain appellant's first point of error and hold that the evidence is insufficient to convict appellant as charged.

The State contends that appellant may be convicted as a party actor because his trial objection did not comport with the point he has advanced on appeal, therefore, he has waived any right to complain. At trial, appellant requested an application paragraph that would require the jury to consider only whether he committed the charged offense. While the objection was overruled, in actuality, the jury was charged precisely as appellant requested. It was the duty of the State to secure a charge that applied the law of parties to the facts of this case. *See Walker,* 823 S.W.2d at 249 n. 1; *Jones,* 815 S.W.2d at 668 n. 1. Additionally, the State's failure to object and request a proper charge has removed this case from the realm of "trial error" for which remand for new trial would be permissible. *Walker,* 823 S.W.2d at 249 n. 1. Double jeopardy concerns now mandate acquittal. *Id.*

We REVERSE the judgment of the trial court, and REMAND this cause to that court for the entry of a judgment of ACQUITTAL.