The STATE of Texas,

v.

Dora CISNEROS, Appellant.

No. 445–96.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 13, 1996.

David L. Botsford, Austin, J.A. Canales, Corpus Christi, for appellant.

Luis V. Saenz, District Attorney, Brownsville, Matthew Paul, State's Atty., Austin, for State.

State's petition for discretionary review refused.

KELLER, Judge, dissenting.

Appellant was convicted of the capital murder of Joey Fischer and sentenced to life in prison. On appeal, she contested the sufficiency of the evidence to prove that the victim was killed by either of the two men named as the hired killers in the jury instructions. The Court of Appeals found that the evidence was insufficient and ordered an acquittal. *Cisneros v. State*, 915 S.W.2d 217 (Tex.App.—Corpus Christi 1996).

As noted in the opinion of the Court of Appeals, much of the evidence introduced at appellant's joint trial with Garza was admissible against Garza but not against appellant, and thus could not be considered in the sufficiency analysis. The evidence against appellant shows that she wanted her daughter's former boyfriend dead and engaged a fortune teller, Martinez, to find someone to kill him. Martinez asked Garza to find someone to commit the murder. Appellant supplied money, information, and directions to Martinez. Evidence not admissible against appellant shows that Garza found Olivares and Pizana, who shot and killed eighteen year old Fischer.

The Court of Appeals first found that the evidence admitted against appellant was in-

sufficient to prove, as specifically required by the jury charge, that either Olivares or Pizana killed Fischer. *Id.* at 221. This conclusion appears to be supported by the record. Although the State was not required to plead or prove the names of the hired killers, the charge did require it, and the State failed to meet its burden as to that matter.

Second, there was no evidence that appellant ever met or had any dealings at all with Olivares or Pizana. The Court of Appeals determined that, even if the evidence were sufficient to show that the named killers committed the murder, the evidence was insufficient to establish that appellant herself "employed" Olivares or Pizana to kill Fischer. *Id.* at 221.

Third, the abstract portion of the jury charge on guilt/innocence instructed the jury on the law regarding parties and criminal responsibility. The application paragraph, however, failed to instruct the jury as to those matters. The Court of Appeals found that because the jury was not so instructed, the jury was not authorized to find appellant criminally responsible for the acts of Martinez, Garza, Olivarez, or Pizana.

In my dissenting opinion in *Plata v. State*, 926 S.W.2d 300 (Tex.Crim.App.1996), I explained the reasons that it is unnecessary, in my view, that a jury be instructed as to the law of parties. I will not repeat my arguments, but say only that here, as there, the trial court instructed the jury on the definition of "parties" and "criminal responsibility." We should, therefore, assume that the jury correctly applied those definitions to the facts of this case.

As stated above, however, the lack of a parties charge was not the only deficiency in this case. If we assume that the Court of Appeals correctly determined that appellant was entitled to be acquitted of capital murder because of insufficient evidence that Olivares or Pizana killed Fischer, my position in *Plata* would not save the conviction for capital murder.[1]

---

1. It could be argued that a parties charge would have cured the insufficiency problem as to the named killers. Since mine is already a minority position, however, I will not pursue that rather complicated and disputable position.

Even if we assume, however, that the Court of Appeals correctly determined that appellant was entitled to be acquitted of capital murder, that would not be the end of this case. In *Bigley v. State*, 865 S.W.2d 26 (Tex.Crim.App.1993) we discussed the authority of a court of appeals to reform a conviction pursuant to Rule 80 of the Texas Rules of Appellate Procedure. We held that when evidence is insufficient to prove the offense charged, but is sufficient to prove a lesser included offense, a court of appeals may reform a conviction for the greater offense to reflect a conviction for the lesser offense. The principle in *Bigley* is often employed when an appellate court finds evidence insufficient as to the aggravating element of an offense. *See*, e.g., *Lucero v. State*, 915 S.W.2d 612, 615 (Tex.App.—El Paso 1996, pet. ref'd).

The jury charge in this case included an instruction on the offense of murder. In order to convict appellant of simple murder, the jury was required to find only that she "did intentionally or knowingly cause the death of an individual, Albert Joseph Fischer Jr., by shooting him with a firearm." The theory I advanced in my dissent in *Plata* would allow appellant to be held responsible as a party to murder under the facts of this case. Were the majority of this Court to adopt my view, this cause would be remanded to the Court of Appeals, which would then have the authority to reform appellant's conviction to reflect a conviction for murder.

As an aside, I note that regardless of which position in *Plata* is the law, it appears that appellant may now be retried for ordinary murder. In *Ex parte Granger*, 850 S.W.2d 513 (Tex.Crim.App.1993), we addressed the issue of whether retrial for a lesser offense was permissible in circumstances similar to those in the present case. In *Granger*, the defendant's capital murder conviction was reversed upon a determination that the evidence was insufficient to prove the element of remuneration. We held that double jeopardy did not bar retrial for murder in such a situation.

In the present case, the Court of Appeals' reversal of appellant's conviction did not constitute a decision that the State failed to prove the lesser included offense of murder. In her brief to the Court of Appeals, appellant challenged the sufficiency of the evidence only as to the element of remuneration; the Court's opinion addressed sufficiency only as to that element. The Court found the evidence insufficient only as to proof that appellant employed Olivares or Pizana, and that Olivares or Pizana killed Fischer—elements of murder for remuneration, but not elements of ordinary murder. Appellant's retrial for ordinary murder is, thus, not barred by double jeopardy considerations.

McCORMICK, P.J., and MANSFIELD, J. join this dissenting opinion.