IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00353-CR

 

Nathan Lloyd Reed,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 87th District Court

Freestone County, Texas

Trial Court No. 03-191-CR

 



MEMORANDUM  Opinion



 

          Asserting one issue, Appellant Nathan
Reed appeals his conviction of attempted indecency with a child by contact
(enhanced by two prior felony convictions) and thirty-three year sentence.  We
will affirm.

Reed was indicted for attempting to force the
hand of the 14-year-old victim into his pants.  The elements of criminal
attempt are:  (1) a person (2) with specific intent to commit an offense (3)
does an act amounting to more than mere preparation (4) that tends but fails to
effect the commission of the offense intended.  Tex. Pen. Code Ann. § 15.01(a) (Vernon 2003).

Reed alleges that the trial court erred by
omitting the element of specific intent from the application paragraph.  The
abstract portion contained that element, stating:

A person commits an offense if, with specific
intent to commit an offense, he does an act amounting to more than mere
preparation that tends but fails to effect the commission of the offense
intended.

 

A person acts intentionally, or with intent,
with respect to the nature of his conduct when it is his conscious objective or
desire to engage in the conduct.

 

The application paragraph provided:

Now, if you find from the
evidence beyond a reasonable doubt that on or about July 31, 2003, in Freestone
County, Texas, the defendant, NATHAN LLOYD REED, did then and there attempt to
engage in sexual contact with [victim] by taking the hand of the said [victim],
a child younger than 17 years and not the spouse of the defendant, and attempt
to force her hand into the defendant’s pants, which act amounted to more than mere
preparation that tended but failed to effect the commission of said Indecency
with a child by contact, and that said act, if any, was committed with the
intent on the part of the defendant to arouse or gratify the sexual desire of
himself, then you will find the defendant guilty as charged.

 

In Degrate v. State, we stated:

The function of a jury charge in a criminal
trial is to instruct the jury on the law applicable to the case.  Dinkins v.
State, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995).  The charge consists of
the abstract portion and the application paragraph or paragraphs.  Id.; Plata v. State, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996).  The
abstract portion “serve[s] as a kind of glossary to help the jury understand
the meaning of concepts and terms used in the application paragraphs of the
charge.”  Plata, 926 S.W.2d at 302.  The application paragraph applies
the law to the facts, and asks an ultimate question of the jury about whether
the defendant is guilty.  Plata, 926 S.W.2d at 302-03; Doyle v.
State, 631 S.W.2d 732, 736-37 (Tex. Crim. App. 1982).  Thus the
relationship between the two is that definitions (and instructions) in the
abstract portion are like words in a dictionary; their true and correct meaning
is not shown until they are properly used in a sentence, i.e., in the
application paragraph.  Doyle, 631 S.W.2d at 737.

 

Degrate v. State, 86 S.W.3d 751, 752 (Tex. App.—Waco 2002, pet.
ref’d).

The State asserts that Dinkins v. State addresses
Reed’s complaint and resolves it against him.  See Dinkins v. State,
894 S.W.2d 330, 339 (Tex. Crim. App. 1995) (holding jury charge not defective
where abstract portion of charge defined aggravating murder’s culpable mental
state while application paragraph did not).  We agree with the State.

After defining the offense of indecency with a
child by contact, the abstract portion then defined “attempt” with the element
of specific intent.  “It is unnecessary and unworkable to repeat every abstract
definition in the application paragraph.”  Crum v. State, 946 S.W.2d
349, 356 (Tex. App.—Houston [14th Dist.] 1997, pet. ref’d) (citing Dinkins). 
Because the jury charge’s abstract portion included the specific-intent
element, the application paragraph was not defective.  See Dinkins, 894
S.W.2d at 339.

          We overrule Reed’s sole issue and
affirm the trial court’s judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed November 2, 2005

Do
not publish

[CRPM]