Affirmed and Memorandum Opinion filed March 11, 2004













Affirmed and
Memorandum Opinion filed March 11, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00499-CR

_______________

 

PATRICK ALLEN
JONES, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

___________________________________________________

 

On Appeal from the 400th District Court

Fort Bend
 County, Texas

Trial Court Cause No. 29,583

___________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Patrick Allen Jones was
convicted by a jury of sexual assault. 
In seven issues, he contends (1) the evidence is legally and factually
insufficient to support his conviction; (2) the jury charge contained law
inapplicable to his case; (3) the statute under which he was prosecuted was
applied ex post facto and is void for
vagueness; and (4) he received ineffective assistance of counsel.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.




 








Background

            E.K. has a history of psychiatric
illness and hospitalizations.  On June 19,
1997, she admitted herself to a psychiatric hospital on the advice of her
psychotherapist who thought she might kill or hurt herself.  While at the hospital, she was diagnosed with
severe, major depression.  

            At the time of E.K.’s admission,
appellant was employed at the hospital as a licensed vocational nurse.  His duties included passing out medications
and documenting the status of the patients and whether they took their
medication.  Appellant administered
E.K.’s medications twelve times.  On at
least three or four of these occasions, he and E.K. had “in depth”
conversations about E.K.’s past, treatment, and medications in which she
revealed intimate details about her life. 
Appellant also encouraged E.K. to take her medication and interact with
her peers.  E.K. testified that in the
psychiatric hospital environment, patients are encouraged to quickly bond with
staff members.  She felt she bonded with
appellant and developed an emotional dependency on him.  

            E.K. was discharged from the
hospital on June 23, 1997.  Four days
later, appellant unexpectedly approached her outside of her work.  E.K. invited appellant back to her home, and
they went out to dinner and a movie that night. 
The next day, appellant took E.K. and her son to the beach.  E.K. and appellant continued to have personal
conversations similar to the ones they had at the hospital.  They also began engaging in physical contact
such as holding hands and kissing, mostly at appellant’s initiation.  After returning to E.K.’s house from the beach,
E.K. and appellant had sexual intercourse after E.K.’s son went to bed.  According to appellant, the intercourse was
consensual, and partially initiated by E.K. 
In contrast, according to E.K., she initially told appellant “no,” but
she eventually submitted because she did not want her protests to wake her son
and for him to see her engaging in such intimate acts outside the bond of
marriage. 

            A jury found appellant guilty of
sexual assault.  His punishment was
assessed at two years’ confinement probated for ten years.  Appellant’s initial notice of appeal was
filed late.  He filed a post-conviction
application for writ of habeas corpus claiming, among other matters, that he
was entitled to file an out-of-time appeal. 
The trial court denied the requested relief, and this court affirmed
that decision.  See Jones v. State, 2000 WL 19149 (Tex.
App.—Houston [14th Dist.] Jan.
13, 2000, pet. granted) (not designated for publication).  The Court of Criminal Appeals reversed and
remanded with instructions to grant an out-of-time appeal.  Jones
v. State, 98 S.W.3d 700 (Tex
Crim. App. 2003).  This appeal followed.

Jury Charge

            In his fourth issue, appellant
contends the abstract portion of the jury charge included an inapplicable
instruction regarding a “health care services provider.”  The State contends this issue is governed by
the law-of-the-case-doctrine, which provides that when an appellate court
resolves a question of law, this resolution will govern the disposition of the
same issue when raised in a subsequent appeal. 
See Howlett v. State, 994
S.W.2d 663, 666 (Tex. Crim. App. 1999). 
Although appellant did raise issues concerning the jury charge in his
previous appeal, we did not address whether this instruction was erroneous, or
whether it caused appellant harm. 

            The statute under which appellant
was charged stated that a sexual assault occurs when “the actor is a mental
health services provider who causes the other person, who is a patient or
former patient of the actor, to submit or participate by exploiting the other
person’s emotional dependency on the actor.” 
Tex. Pen. Code Ann. §
22.011(b)(9) (Vernon
Supp. 1996).  After the date of the
offense, the statute was amended to include health care services providers in
addition to mental health services providers. 
See Tex. Pen. Code Ann. § 22.011(b)(9) (Vernon 2003) (effective
Sept. 1, 1997).  Licensed vocational
nurses are now included in the definition of health care service
providers.  Tex. Pen. Code Ann. § 22.011(c)(3)(C) (Vernon 2003)
(effective Sept. 1, 1997).  

            Although appellant was charged in
his capacity as a mental health services provider, the following statement was
included in the abstract portion of the jury charge: “sexual assault is without
the consent of the other person if the actor is a mental health services
provider or a health care services
provider . . . ‘Health care service provider’ means a licensed vocational
nurse.”  (Emphasis added).  The application portion of the charge did not
include a reference to “health care service provider,” but instructed the jury
that if it believed appellant sexually assaulted E.K. and he “was then and
there a mental health services provider,
to wit a nurse at a Mental Hospital and the said E.K., was a former patient”
the jury should find the defendant guilty of the offense of sexual
assault.  (Emphasis added).  Because appellant did not raise any objection
to the inclusion of “health care services provider” at trial, he will only be
entitled to a reversal if the error caused egregious harm.  See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 

            Because sexual assault by a health
care provider was not the law applicable on the date of the alleged offense,
references to “health care service provider” were erroneously included in the
charge.  See Tex. Code Crim. Proc.
Ann. art. 36.14 (Vernon
Supp. 2004). Appellant contends this error caused egregious harm because it
eliminated his ability to utilize the defense that he was not a mental health
services provider.  The application
paragraph of a jury charge authorizes conviction, and an abstract charge that
is not applied to the facts is insufficient to bring that theory before the
jury.  McFarland v. State, 928 S.W.2d 482, 515 (Tex. Crim. App.
1996).  Submitting an abstract
instruction without applying it to the facts constitutes reversible error when
the instruction is an incorrect or misleading statement of law that is
necessary to implement the application paragraph.  Plata v. State, 926 S.W.2d
300, 302 (Tex. Crim. App. 1996), overruled
on other grounds by Malik v. State, 953 S.W.2d 234 (Tex. Crim. App.
1997).  In this case, the application
portion of the charge correctly instructed the jury to determine whether
appellant was a mental health services
provider.  We find that any error in
the abstract portion of the charge did not cause appellant egregious harm
because the error did not impact the jury’s ability to implement the
application paragraph.  Appellant’s
fourth issue is overruled.  

Sufficiency of the Evidence

            In his first, second, and third
issues, appellant contends the evidence was legally and factually insufficient
to support his conviction, and that his motion for an instructed verdict should
have been granted.  We treat a complaint
about a trial court’s failure to grant a motion for directed verdict as a
challenge to legal sufficiency of the evidence. 
Williams v. State, 937 S.W.2d
479, 482 (Tex. Crim. App. 1996).  In a
legal sufficiency challenge, we review the evidence in the light most favorable
to the verdict to determine if any rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt.  King v.
State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).  We consider all
evidence presented at trial; however, we do not re-weigh the evidence or substitute
our judgment for that of the fact finder. 
Id. 
Therefore, if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

            In reviewing factual sufficiency of
the evidence, we view all the evidence in a neutral light, both for and against
the finding, and set aside the verdict only if “proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.”  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Although we may disagree with the verdict,
our factual sufficiency review must be appropriately deferential to avoid our
substituting our judgment for that of the fact finder.  Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

            Appellant was charged with sexual
assault in his capacity as a mental health services provider.  See Tex.
Pen. Code Ann. § 22.011(b)(9). 
Appellant claims there was no evidence that he was a mental health
services provider.  We note that at the
time of the offense and appellant’s trial, mental health services provider was
not defined in the penal code.[1]  

            In appellant’s previous appeal from
the trial court’s habeas corpus judgment, he did not raise the issue of whether
the evidence of this element was legally or factually sufficient.  However, the law-of-the-case doctrine applies
to implicit holdings as well as explicit ones. 
See Garrett v. State, 749
S.W.2d 784, 803 n.2 (Tex. Crim. App. 1986) (opinion on motion for rehearing), overruled on other grounds by Malik, 953
S.W.2d 284).  In appellant’s previous
appeal, we concluded that “the record contains clear and definite evidence
relating to the nature of Appellant’s employment, showing that, as a licensed
vocational nurse employed by a mental hospital, he was a ‘mental health
services provider.’”  Jones, 2000 WL 19149, at *3.  Although we did not explicitly hold that the
evidence was legally sufficient to support a finding of guilt, it was implicit
in our determination that the evidence showed appellant was a mental health
services provider.  See Garrett, 749 S.W.2d at 803 n.2. 
Therefore, we conclude the evidence is legally sufficient.

            In appellant’s factual sufficiency
challenge, he claims that the jury’s verdict is so contrary to the overwhelming
weight of the evidence to the extent that the verdict was based on the trial
court’s definition of a health care services provider as a licensed vocational
nurse in the jury charge.  However, we
measure the sufficiency of the evidence based on a hypothetically correct jury
charge, which appellant concedes would not have included  references to a health care services provider
and licensed vocational nurse.  See Malik, 953 S.W.2d at 240.  Accordingly, we hold the evidence is
factually sufficient to support the finding that appellant was a mental health
services provider.  Appellant’s issues one,
two, and three are overruled. 

Ex Post Facto and Void for Vagueness

            In his fifth and sixth issues,
appellant contends the statute under which he was convicted was applied ex post facto and is also void for
vagueness.  This court has already
rejected these claims in appellant’s appeal from the trial court’s habeas
corpus judgment.  Jones, 2000 WL 19149, at *2– 3. 
Accordingly, we overrule these issues pursuant to the law of the case
doctrine.  See Howlett, 994 S.W.2d at 666.

Ineffective Assistance of Counsel

            In his seventh issue, appellant
claims his trial counsel was ineffective for failing to do the following: (1)
move to quash the indictment; (2) object to the jury charge; (3) have command
of the facts of the case; (4) interview and call prospective witnesses; (5)
interview the State’s witnesses; (6) advise or prepare appellant in taking the
witness stand; and (7) make proper objections.[2]

            To demonstrate ineffective
assistance of counsel, a defendant must show that (1) counsel’s performance
fell below an objective standard of reasonableness under prevailing
professional norms, and (2) there is a reasonable probability that, but for
counsel’s deficient performance, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 688
(1984); Rodriguez v. State, 899
S.W.2d 658, 664 (Tex. Crim. App. 1995). 
In considering the first prong, we indulge a strong presumption that
counsel’s actions fell within the range of reasonable professional assistance.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  To overcome this presumption, an allegation
of ineffectiveness must be firmly demonstrated in the record.  Id.  Appellant must prove ineffectiveness by a
preponderance of the evidence.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).   

            Appellant claims his trial counsel
was ineffective for failing to object to the inclusion of “health care service
provider” in the jury charge.  In
addressing appellant’s fourth issue, we concluded that appellant was not harmed
by any error in the abstract portion of the charge because the law was
correctly set forth in the application paragraph.  Therefore, trial counsel was not ineffective
for failing to make this objection.  See Green v. State, 891 S.W.2d 289, 299
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  

            Appellant contends his trial
counsel: (1) did not advise or prepare him to testify, (2) failed to interview
prospective defense and State’s witnesses, and (3) did not have a firm
understanding of the legal issues because he did not obtain a copy of the
indictment before the first day of trial. 
There is no support for these claims in the record.  Therefore, these contentions cannot support a
finding of ineffectiveness.  See Thompson, 9 S.W.3d at 813–14.

            Next, appellant contends his counsel
did not sufficiently understand the facts of the case.  In the application paragraph of the jury
charge, mental health services provider was defined as a nurse in a mental
hospital.  Appellant’s counsel objected
to this definition and requested “nurse” be replaced with “licensed vocational
nurse.”  The trial court overruled the
objection.  Appellant contends this
demonstrates his counsel’s lack of a command of the facts of the case.  However, appellant does not explain what
facts his counsel lacked command of, nor does he explain how this objection
demonstrates conduct below professional norms. 
Appellant has failed to meet his burden of proving deficient
performance.  See Bone, 77 S.W.3d at 833.

            Last, appellant claims his counsel’s
failure to object to the following amounts to ineffective assistance: (1)
E.K.’s testimony that she trusted appellant because he was her nurse; (2)
E.K.’s testimony that appellant “raped” her; and (3) the repeat of a question
to appellant by the State regarding whether he was a mental health services
provider.  The record is silent regarding
counsel’s reason for not objecting. When the record contains no explanation of
trial counsel’s reasons for not objecting, an appellant fails to rebut the presumption
that counsel’s actions were reasonable.  Thompson, 9 S.W.3d at 814.  We conclude appellant has failed to prove he
received ineffective assistance of counsel and overrule appellant’s seventh
issue.

            Having overruled appellant’s issues,
the judgment of the trial court is affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed March 11, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











            [1]  Section 22.011 currently contains a definition of mental health
services provider.  Tex. Pen. Code Ann. § 22.011(c)(4)
(Vernon Supp. 2004) (effective Sept. 1, 1999). 






            [2]  This court previously concluded that appellant’s counsel was not
ineffective for failing to move to quash the indictment.  Jones,
2000 WL 19149, at *2.  Therefore, under
the law-of-the-case doctrine, we will not review this ground of appellant’s
claim.  See Howlett, 994 S.W.2d at 666; see
also Ex Parte Nailor, 105 S.W.3d 272, 276 & n.3 (Tex. App.—Houston [14th Dist.]
2003, pet. granted).