

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00163-CR

**JAMES TERRY RAMIREZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2008-2139-C2

## MEMORANDUM OPINION

James Terry Ramirez was convicted of murder and sentenced to 90 years in prison. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011). Because the evidence was sufficient to support the conviction and because the trial court did not err in rejecting his requested language on the law of parties as to the abstract portion of the charge, the trial court's judgment is affirmed.

### BACKGROUND

Bobby Evans, an Animal Control Officer for the City of Bellmead, was found shot to death in the city's animal shelter. The case went unsolved for seven months before

Ramirez and another were identified as suspects in the shooting and arrested. Heather McHargue eventually came forward and implicated Ramirez and Jerry Mack Newland in the murder. She placed Ramirez and Newland at the scene of the murder, coming from the back of the animal shelter after McHargue heard shots fired. She also saw the two with a gun and saw them dispose of items including disassembled guns in trashbags which were then disposed of in a creek and by the side of a road. Further, Ramirez made it known to several inmates in the McLennan County jail that he shot Evans. He also had his trailer house burned down because it contained evidence of the offense in it.

## SUFFICIENCY OF THE EVIDENCE

In his first two issues, Ramirez contends that the evidence is legally insufficient to support the conviction because the evidence is incompetent and the verdict irrational and in the alternative, contends the evidence is factually insufficient because the verdict is manifestly unjust.

The standard enunciated in *Jackson v. Virginia* is now the only standard a reviewing court applies in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). There is no longer the bifurcated legal and factual review of evidentiary sufficiency. Under the *Jackson* standard, a reviewing court should not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Blackman v. State*, No. PD-

0109-10, 2011 Tex. Crim. App. LEXIS 497, *18 (quoting *Jackson*, 443 U.S. at 318-19) (emphasis in original). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Blackman*, 2011 Tex. Crim. App. LEXIS 497, *18-19 (quoting *Jackson*, 443 U.S. at 319). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (quoting *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009)).

Each fact need not point directly and independently to the guilt of a defendant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Reconciliation of conflicts and contradictions in the evidence is within the province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). The jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Ramirez contends that this is one of those rare cases where the jury did not act rationally because, his argument continues, McHargue's and the jail inmates' testimony was unbelievable and therefore, incompetent. Certainly, there was conflicting evidence

about many occurrences such as when Evans arrived at the shelter, whether he took a call before he arrived, whether it was possible for someone to travel across the field from the shelter to a location approximately 600 yards away, and whether Evans was shot from within the shelter or from the outside. And certainly, the inmates had lengthy criminal histories and McHargue used methamphetamine heavily at the time of the offense which impaired her memory to some extent. But it was within the jury's province to piece together the events from different witnesses and believe some, all, or none of their testimony.

After reviewing all the evidence in the light most favorable to the prosecution, we believe any rational jury could have found the essential elements of the crime beyond a reasonable doubt. Thus, the evidence was sufficient to support Ramirez's conviction. His first issue is overruled.

In the alternative, Ramirez invites us to remand the case for a new trial under our inherent power to review the factual sufficiency of the evidence and ignore the Court of Criminal Appeal's opinion in *Brooks v. State*. *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.). This is an invitation that we respectfully decline. Ramirez's second issue is overruled.

### REQUESTED INSTRUCTION

Ramirez argues in his third issue that the trial court erred in rejecting his requested language on the law of parties as to the abstract portion of the charge.

A claim of jury-charge error is reviewed using the procedure set out in *Almanza*. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d

157, 171 (Tex. Crim. App. 1985).  Our first duty, however, is to decide if error exists.

*Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).  Only if we find error, do

we then analyze that error for harm.  *Id*.

The abstract portion of the charge in this case provided the following.

> A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
>
> Each party to an offense may be charged with the commission of the offense.
>
> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.
>
> Mere presence alone will not constitute one a party to an offense.

Ramirez asked the court to consider the following additional language.

> In order to establish liability as a party, it must be shown that in addition to the illegal conduct by the primary actor, the Defendant harbored the specific intent to promote or assist in the commission of the offense.  The accused must know that he was assisting in the offense's commission.  The agreement, if any, must be before or contemporaneous with the criminal event.  The evidence must show at the time of the commission of the offense the parties were acting together, each doing some part of the execution of the common design.  The State must show more than mere presence to a -- to establish participation in a criminal offense.  Mere presence or knowledge of an offense does not make one to [sic] a party.  Nevertheless, mere presence is a circumstance that can be used and when taken with other facts may be sufficient to show that the person was a participant.

Ramirez argues that he was entitled to the additional language requested

because he objected to the general reference to the law of parties in the abstract portion

of the charge.  *See Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995) ("A

defendant who objects to a general reference to the law of parties in the *application*

*paragraph* is entitled to increased specificity and to have the law of parties applied to the facts of the case." (emphasis added)). However, the cases cited by Ramirez do not stand for the proposition he argues. In the cases cited, the defendants objected to a general application of the law of parties to the facts of the case, not to the abstract instruction on the law of parties. In those cases, the Court of Criminal appeals ultimately held that each defendant was entitled to a more specific application to show the mode or modes of conduct under the law of parties that would form a basis of conviction. *See id*; *Johnson v. State*, 739 S.W.2d 299, 305 (Tex. Crim. App. 1987); *Romo v. State*, 568 S.W.2d 298, 302-303 (Tex. Crim. App. 1977).

Abstract or definitional paragraphs serve as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996) (*rev'd on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). Consequently, in abstract paragraphs, trial courts can include a more general description of the offense. *See Toler v. State*, 546 S.W.2d 290, 293-294 (Tex. Crim. App. 1977); *see also Perez v. State*, No. 01-08-00667-CR, 2009 Tex. App. LEXIS 2399 *6 (Tex. App.—Houston [1st Dist.] April 9, 2009, no pet.). The abstract portion of the charge tracked the applicable statutes regarding the law of parties. TEX. PENAL CODE ANN. §§ 7.01; 7.02(a)(2) (West 2011). There is nothing incorrect or misleading with this language. Thus, it was not error for the trial court to refuse a more specific instruction on the law of parties in the abstract portion of the charge.

Even if it was error to deny the requested additional language, because there is nothing wrong with the language used by the trial court, Ramirez was not harmed. Reversible error only occurs in the giving of an abstract instruction when the instruction is an incorrect or misleading statement of a law which the jury must understand in order to implement the commands of the application paragraph. *Plata*, 926 S.W.2d at 302.

Accordingly, Ramirez's third issue is overruled.

### CONCLUSION

Having overruled each issue on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2011
Do not publish
[CRPM]