Gregory DEGRATE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–146–CR.

Court of Appeals of Texas,
Waco.

Aug. 28, 2002.

Stan Schwieger, Law Office of Stan Schwieger, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

John and Anna Vernetti, both in their eighties, were killed when the pickup in which they were riding was rammed by a car driven by Gregory Degrate who was in flight from police. An accident reconstructionist testified that Degrate's car was traveling over seventy miles an hour. The wreck occurred on a residential street where the speed limit was thirty miles an hour.

Degrate was separately indicted for manslaughter for each death. This appeal pertains to the trial regarding Anna Vernetti's death. A jury convicted Degrate and assessed punishment at fifty-three years in prison.

One of Degrate's defenses was that the Vernettis caused their own deaths by failing to stop at a stop sign, instead pulling in front of Degrate's speeding car, and by not wearing their seatbelts. The Penal Code provides for this defensive theory.

§ 6.04. Causation: Conduct and Results

(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

(b) . . .

TEX. PEN.CODE ANN. § 6.04 (Vernon 1994). On appeal, Degrate's single issue is that the substance of this theory of law should have been included in the application paragraph of the charge. This complaint was not preserved at trial. TEX.R.APP. P. 33.1. Nevertheless, we must review for "egregious harm." E.g., Huizar v. State, 12 S.W.3d 479, 484–85 (Tex.Crim.App.2000).

### Error Analysis

The function of a jury charge in a criminal trial is to instruct the jury on the law applicable to the case. Dinkins v. State, 894 S.W.2d 330, 339 (Tex.Crim.App.1995). The charge consists of the abstract portion and the application paragraph or paragraphs. Id.; Plata v. State, 926 S.W.2d 300, 302 (Tex.Crim.App.1996). The abstract portion "serve[s] as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge." Plata, 926 S.W.2d at 302. The application paragraph applies the law to the facts, and asks an ultimate question of the jury about whether the defendant is guilty. Plata, 926 S.W.2d at 302–03; Doyle v. State, 631 S.W.2d 732, 736–37 (Tex.Crim.App.1982). Thus the relationship between the two is that definitions (and instructions) in the abstract portion are like words in a dictionary; their true and correct meaning is not shown until they are properly used in a sentence, i.e., in the application paragraph. Doyle, 631 S.W.2d at 737.

■ When, as here, a definition or instruction is given in the abstract portion of the charge concerning a theory of law, the charge must "either contain[] an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, or contain[] an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contain[] some logically consistent combination of such paragraphs." *Plata*, 926 S.W.2d at 304 (application paragraph defective which did not refer to instructions on vicarious criminal responsibility); *e.g.*, *Dinkins*, 894 S.W.2d at 339 (application paragraph not defective which referred to "murder," which, as defined in the abstract portion, required the act to be intentionally or knowingly done); *Chatman v. State*, 846 S.W.2d 329, 332 (Tex.Crim.App.1993) (application paragraph not defective which referred the jury to instructions on vicarious criminal responsibility); *Doyle*, 631 S.W.2d at 735 (conviction is fatally defective when required elements of the offense are omitted from the application paragraph); *but see Barrera v. State*, 982 S.W.2d 415, 417 (Tex.Crim.App.1998) (citing *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997)) (importance of the application paragraph may be in decline). "Jurors should not be required and expected, *and they are not under our law,* to put together pieces of what may appear to them to be a jigsaw puzzle to determine which elements must be proved in order to find that the defendant committed the offense which he was charged with committing." *Doyle*, 631 S.W.2d at 737 (emphasis in original). In the application paragraph, the court must apply the law to the facts for the jury's benefit. *Id.* But the application paragraph need not apply general instructions or the definitions of terms to the facts. *Clark v. State*, 929 S.W.2d 5, 10 (Tex.Crim.App.1996).

Finally, errors concerning the application paragraph are not of constitutional dimension. Therefore, they are reviewed under article 36.19, as applied in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984) (op'n on reh'g). *Barrera*, 982 S.W.2d at 417; *contra Doyle*, 631 S.W.2d at 738 (charge errors implicate constitutional rights).

■ The jury charge here contained a correct instruction of causation according to section 6.04 of the Penal Code; the charge read:

> Under our law a person is criminally responsible if the result would not have occurred, but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor was clearly insufficient to produce the result.

However, the application paragraph made no reference to this defensive theory:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of April, 2000, in McLennan County, Texas, the defendant, Gregory Degrate, did then and there recklessly cause the death of an individual, namely, Anna Vernetti, by operating a motor-vehicle at a speed excessive under the circumstances and strike another motor-vehicle thereby causing the said Anna Vernetti to be ejected and resulting in the death of Anna Vernetti, then you will find the defendant, Gregory Degrate, guilty of the offense of Manslaughter, as alleged in the indictment.

Therefore, the application paragraph was defective. *Plata*, 926 S.W.2d at 304.

### Harm Analysis

■ An unpreserved complaint about a charge error in a criminal case is an error which we must review for "egregious harm." *Huizar,* 12 S.W.3d at 484–85; *Almanza,* 686 S.W.2d at 171. Errors that result in egregious harm are those which affect "the very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim. App.1996) (citing *Almanza,* 686 S.W.2d at 172). In deciding whether there is egregious harm, we look to (1) the charge itself, (2) the state of the evidence, including what issues were contested, and the weight of the probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Hutch,* 922 S.W.2d at 171 (citing *Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Crim.App.1993) (citing *Almanza* )).

■ Degrate could have been acquitted only if the jury believed the Vernettis' actions were clearly sufficient to cause the wreck and Degrate's conduct was clearly insufficient to cause the wreck. The evidence does not support these conclusions. The State's accident reconstructionist testified that Degrate was traveling at seventy miles an hour. The impact was so forceful that the Vernettis were thrown from their pickup at impact and killed. Degrate's only rebuttal evidence was testimony from his passenger that he and Degrate were traveling the speed limit and that the Vernettis pulled out in front of them. Furthermore, the defensive theory was presented to the jury by the instruction in the charge, and it was argued to the jury by both parties. We do not find that "the very basis of the case" was affected, that Degrate was deprived of a "valuable right," or that his defensive theory was "vitally affected." *Hutch,* 922 S.W.2d at

171. Thus we do not find "egregious harm."

We overrule Degrate's issue and affirm the judgment.