# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00407-CR

**John Wesley Horn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 38777, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found John Wesley Horn guilty of three counts of intoxication manslaughter and two counts of aggravated assault with a deadly weapon, assessing punishment at twenty years' imprisonment on each count. *See* Tex. Penal Code Ann. §§ 22.02, 49.08 (West 2011). Evidence at trial showed that Horn drove his truck across his travel lane and into an oncoming car, killing Russell Rutland, two of Rutland's children, and injuring Rutland's two other children. Testing revealed that Horn's blood contained 1.3 grams per liter of methamphetamine, and Horn's expert, Dr. Patricia Rosen, testified that Horn met the legal definition of intoxication.

Horn's court-appointed attorney filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S.

75, 80 (1988); *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Horn received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744.

Horn then secured another attorney who presented this Court with a "post-Anders brief," reiterating Horn's trial argument that the accident was caused by "something other than methamphetamine intoxication" and arguing that Horn was egregiously harmed by the jury charge's omission of a paragraph applying the law of concurrent causation to the facts.[1] Without delving into the problems arising from Horn's additional lawyer, we will briefly explain why this contention lacks arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We review an unpreserved complaint about charge error in criminal cases for egregious harm. *Huizar v. State*, 12 S.W.3d 479, 484-85 (Tex. Crim. App. 2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Egregious harm errors "affect 'the very basis of the case,' deprive the defendant of a 'valuable right,' or 'vitally affect a defensive theory.'" *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (quoting *Almanza*, 686 S.W.2d at 172). The egregious harm standard is difficult to prove and such determination must be made on a case-by-case basis. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (quoting *Hutch*, 922 S.W.2d at 172). We consider the jury charge, the state of the evidence, including the contested

---

[1] Horn failed to object to the charge. *Cf.* Tex. R. App. P. 33.1.

issues and weight of probative evidence, the counsel's argument, and any other relevant information in the trial record as a whole to determine whether the complained-of error constituted egregious harm. *Id.* (citing *Almanza*, 686 S.W.2d at 171).

The concurrent causation instruction in the court's charge tracked section 6.04(a) of the penal code, which provides that "[a] person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." Tex. Penal Code Ann. § 6.04(a) (West 2011). When concurrent causes are present, there are two possible combinations of "but for" causation: (1) the defendant's conduct was sufficient itself to have caused the harm, regardless of a concurrent cause, or (2) the defendant's conduct and the other cause *together* may be sufficient to have caused the harm. *Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986).

Horn interprets section 6.04(a) to mean that he is not criminally responsible if his falling asleep would have been sufficient to cause the accident and his intoxication alone would not have been sufficient. However, a defendant relying on a concurrent causation theory seeks to establish that some additional cause, *other than his conduct*, was clearly sufficient by itself to produce the result and the defendant's conduct, by itself, was clearly insufficient. *See id.* (emphasis added). A concurrent causation question arises only when more than appellant's conduct, i.e., "another cause in addition to [appellant]'s conduct," was in issue. *Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994), *cert. denied*, 514 U.S. 1112 (1995) (citing *Robbins*, 717 S.W.2d at 351 & n.2); *see also* Michael J. McCormick et al., *Texas Practice Series: Criminal Forms and Trial*

3

*Manual* § 103.8 (11th ed. 2005 & Supp. 2012) (providing pattern for court's charge on concurrent causation, including instruction "if you believe the conduct of a *third party* [name] was a concurrent cause . . .") (emphasis added). In this trial, there was no evidence that some additional cause—other than Horn's conduct—brought about the accident. As such, Horn was not entitled to a charge on concurrent causation. *See Robbins*, 717 S.W.2d at 351 n.2 (concluding that "no concurrent cause existed" when "only appellant's conduct was involved"). We must now consider whether Horn was egregiously harmed by the charge as given.

Horn complains that the charge omitted an application paragraph for concurrent causation. The absence of an application paragraph on concurrent causation deprives the jury of authority to convict on that theory. *See Hughes*, 897 S.W.2d at 297 (concluding jury could not convict on causation theory that was not applied to facts of case); *Mallard v. State*, 162 S.W.3d 325, 334 (Tex. App.—Fort Worth 2005, pet. ref'd) (holding that appellant was not egregiously harmed by inclusion of abstract definition of concurrent causation). Juries are authorized to convict based on the application paragraph of a jury charge, not an abstract instruction on a legal theory that is not applied to the facts. *McFarland v. State*, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996) (en banc); *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995); *Martin v. State*, 252 S.W.3d 809, 814 (Tex. App.—Texarkana 2008, pet. dism'd); *Mallard*, 162 S.W.3d at 334.

Here, because the concurrent causation instruction did not apply that theory to the facts of the case, Horn could not have been convicted on a concurrent causation theory. Nor was he entitled to a concurrent causation instruction without evidence that some additional cause, other than his conduct, was at issue. On this record, we conclude that Horn's contention that he was

egregiously harmed by the charge's omission of an application paragraph on concurrent causation lacks arguable merit. *See Degrate v. State*, 86 S.W.3d 751, 754 (Tex. App.—Waco 2002, pet. ref'd) (concluding that application paragraph of charge that made no reference to concurrent causation theory did not present egregious harm because concurrent causation was not supported by evidence).

Having reviewed the record as well as briefs from Horn's counsel and the State, we find no reversible error. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27. We agree with appointed counsel that the appeal is frivolous, and his motion to withdraw and motion to substitute counsel are granted.

The judgment of conviction is affirmed.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   January 30, 2013

Do Not Publish