

IN THE
TENTH COURT OF APPEALS

No. 10-22-00100-CV

GREGORY DEGRATE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2000-731-C

MEMORANDUM OPINION

In this proceeding, Gregory Degrate, a prison inmate, complains about the trial court's order directing the withholding of funds from his inmate account. Degrate filed a "Motion to Rescind Trial Court's Order to Withdraw Funds Without Due Process," and the trial court denied the motion.

Degrate was convicted of the offense of manslaughter on April 11, 2001. The bill of costs included a fee for Degrate's court-appointed attorney. This Court affirmed his

conviction on August 28, 2002. *Degrate v. State*, 86 S.W.3d 751 (Tex. App. —Waco 2002, pet. ref'd). Degrate did not challenge the fee for his court-appointed attorney in that appeal. On November 18, 2009, the trial court signed and entered a consolidated withdrawal order for three trial court cause numbers. That withdrawal order includes Trial Court No. 2000-731-C, which is the subject of this appeal. That withdrawal order has an attached bill of cost that includes court-appointed attorney fees. On December 26, 2018, the trial court signed and entered a withdrawal order for Trial Court Cause No. 2000-731-C for the amount of $2672.75. A bill of costs was attached that includes court-appointed attorney fees. On March 10, 2022, Degrate filed his motion to rescind the withdrawal order. The motion to rescind does not specifically reference which withdrawal order he seeks to rescind.

Degrate argues in his first issue that the trial court erred in denying his motion to rescind the withdrawal order. In his second issue, he argues that the withdrawal order is void. In his brief, Degrate specifically references the November 2009 withdrawal order. After reviewing the record, we have determined that the November 2009 Order to Withdraw Funds has been rendered moot by the trial court's subsequent Order to Withdraw Funds signed on December 26, 2018. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case is moot when the court's action on the merits cannot affect the parties' rights or interests."). Having been replaced by the December 2018

Order, the November 2009 Order, which is the subject of this appeal, is no longer the operative order.

Accordingly, this appeal is dismissed.[1]

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Smith, and
      Justice Rose[2]
Dismissed
Opinion delivered and filed November 9, 2022
[CV06]



---

[1] We note that even if Degrate intended to appeal from the December 2018 Order, the Supreme Court of Texas has held that the notice and opportunity to complain about the order after it has been rendered is adequate under the circumstances. *See Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009) ("an inmate is entitled to notice just as happened here (via copy of the order, or other notification, from the trial court) and an opportunity to be heard just as happened here (via motion made by the inmate)--but neither need occur before the funds are withdrawn.").

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.