

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00265-CR

**GREGORY DEGRATE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2022-3970-2**

## MEMORANDUM OPINION

Appellant, Gregory Degrate, acting pro se, attempts to appeal from an order denying his "Motion to Dismiss for Lack of Subject Matter Jurisdiction Writ of Mandamus." We dismiss the appeal for lack of jurisdiction.

In separate trials, Appellant was convicted of manslaughter after killing two people while driving at an excessive speed. *See Degrate v. State*, 10-04-00079-CR, 2005 Tex. App. LEXIS 6102 (Tex. App.—Waco August 3, 2005, pet ref'd) (mem. op., not designated

for publication); *Degrate v. State*, 86 S.W.3d 751 (Tex. App.—Waco 2002, pet. ref'd). In 2022, he filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction Writ of Mandamus" in the trial court asserting that the trial court lacked jurisdiction over the speeding offense in the second trial. The trial court denied what it referred to as Appellant's "Motion to Dismiss/Writ of Mandamus" on July 28, 2023. Appellant filed a notice of appeal in this Court attempting to appeal the order.

In his motion, Appellant asserted that a single indictment charged him with manslaughter and operating a motor vehicle at an excessive speed. He further asserted that his conviction for the traffic offense is void because the district court lacked jurisdiction over misdemeanor traffic violations. He contended that the judgment is fundamentally defective, and his subsequent confinement is void. He therefore requested the trial court dismiss the indictment.

Appellant's motion to dismiss is a collateral attack on a final felony conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. Article 11.07 provides the exclusive means to challenge his conviction for manslaughter. *See id.; Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Padieu*, 392 S.W.3d at 117.

Because we have no jurisdiction over what is in effect a post-conviction habeas

corpus proceeding, we dismiss the appeal for want of jurisdiction.


                                        STEVE SMITH
                                        Justice

Before Chief Justice Gray,
        Justice Smith, and
        Justice Rose[1]
Appeal dismissed
Opinion delivered and filed March 28, 2024
Do not publish
[CRPM]



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.