REVERSE and REMAND; Opinion issued March 15, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-10-00878-CR

### RODERICK PARKER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 059391**

# OPINION ON REMAND

Before Justices Bridges, Richter[1], and Murphy
Opinion By Justice Richter

A jury convicted appellant of retaliation and the court sentenced him to eight years'
imprisonment and a $500 fine. In his original brief on appeal, appellant raised four issues
asserting the trial court erred in instructing the jury. On original submission, we overruled
all of appellant's issues and affirmed the trial court's judgment. We observed that although
appellant's second issue asserted he suffered harm because the definition does not correctly
state the law, he characterized this assertion as material to the harm analysis rather than as
the charge error that caused the harm.

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

On appellant's petition for discretionary review, the Texas Court of Criminal Appeals concluded we should have considered "appellant's claim that the definition of the term unlawful was jury charge error in general." *Parker v. State*, No. PD-098-12, 2012 WL 1438901 at *1 (Tex. Crim. App. 2012) (per curiam) (not designated for publication). The Court vacated our judgment and remanded the case to this court "to consider appellant's second issue on appeal." *Id.* Following remand, we gave the parties the opportunity to file supplemental briefs. *See Robinson v. State*, 790 S.W.2d 334, 335–36 (Tex. Crim. App. 1990). Neither party availed itself of the opportunity to provide further briefing. Having considered appellant's second issue as framed by the court of criminal appeals, for the reasons that follow, we reverse the trial court's judgment and remand for a new trial.

We review allegations of jury charge error under the standard enunciated in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). An erroneous or incomplete jury charge does not result in automatic reversal. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). If error occurred, reversal is required if the error is "calculated to injure the rights of the defendant," which means that the accused has suffered some harm from the error. *Almanza*, 686 S.W.2d at 171. Thus, an error that has been properly preserved will require reversal only if the error is not harmless. *Id.* The harm suffered must be more than merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012). We evaluate the issue of harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*,

686 S.W.2d at 171.

In his second issue, appellant argues he was harmed by the additional definition of unlawful because it "violated his right to a unanimous jury," "lowered the state's burden of proving each and every element of the offense beyond a reasonable doubt," and was "confusing, misleading, and . . . an incorrect statement of Texas law." The court of criminal appeals has framed the issue as whether the definition was an incorrect statement of the law. Our inquiry is limited accordingly.[2]

Appellant was charged with retaliation. *See* TEX. PENAL CODE ANN. § 36.06(a) (West 2011). The statute provides, in pertinent part, that a person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a person who has reported or who the actor knows intends to report the occurrence of a crime. *See id.*; *see also Moore v. State*, 143 S.W.3d 305, 319 (Tex. App.—Waco 2004, pet. ref'd).

After providing the statutory definition of the charged offense, the court endeavored to define the "unlawful act" element set forth in the statute.[3] In so doing, the court provided the definition at issue which states:

> Unlawful means criminal or tortuous [sic] or both and includes what would be criminal or tortuous [sic] but for a defense not amounting to justification or privilege. *Under Texas law, it is an unlawful act to threaten someone by electronic communication in a manner likely to*

---

[2] Moreover, appellant provides no argument or authority to support his contention that the instruction violated his right to a unanimous jury. Therefore, it has been waived as inadequately briefed. TEX. R. APP. P. 38.1.

[3] The trial judge noted that because the State and the defense made statements to the jury regarding the legality of sending threatening text messages, he believed it necessary to instruct the jury that such an act was unlawful.

> *alarm the person who received the threat to inflict bodily injury on that person.*

Appellant does not complain about the first part of the definition, which was derived from the definitions section of the penal code. *See* TEX. PENAL CODE ANN. § 1.07 (48) (West 2011). Rather, it is the second part of the definition, derived from the harassment statute, to which appellant assigns error. *See* TEX. PENAL CODE ANN. § 42.07 (West 2011).

In criminal jury trials, the trial court must deliver "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Because the charge instructs the jury on the law applicable to the case, it must contain an accurate statement of the law and set out all essential elements of the offense. *Dinkins v. State,* 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). In reviewing the jury charge for any alleged error, an appellate court must examine the charge as a whole and not as a series of isolated and unrelated statements. *Id.*

The retaliation statute does not define an "unlawful act." *See* TEX. PENAL CODE ANN. § 36.06(a) (West 2011). As a general rule, terms that are not legislatively defined are to be understood as ordinary usage allows, and jurors may give them any meaning which is acceptable in common parlance. *Medford v. State*, 13 S.W.3d 769, 771–72 (Tex. Crim. App. 2000). On the other hand, "terms which have a known and established legal meaning or which have acquired a peculiar and appropriate meaning in the law . . . are considered as having been used in their technical sense." *Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012). Terms which have a technical or legal meaning may require an explicit

-4-

definition. *Middleton v. State*, 125 S.W.3d 450, 454 (Tex. Crim. App. 2003). In addition, a trial court not only has broad discretion in submitting proper definitions and explanatory phrases to the jury, it must define those legal phrases that a jury must use to resolve an issue. *See Macias v. State*, 959 S.W.2d 332, 336 (Tex. App.—Houston 14th Dist. 1997, pet. ref'd); *see also Nejnaoui v. State*, 44 S.W.3d 111, 119 (Tex. App.—Houston 14th Dist. 2001, pet. ref'd) (stating court must define legal phrases jury must use in resolving issues and provide statutory definition if available). Here, the term "unlawful" had particular legal significance, and as the trial court recognized, required definition to facilitate the jury's resolution of the ultimate issue in the case.

In crafting a definition, however, it is important to remember the function of the definitions and instructions in a charge. The function of the abstract paragraphs is to provide a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. *See Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996). The application paragraph in the instant case read:

> If you believe from the evidence beyond a reasonable doubt that [appellant] . . . did then and there intentionally or knowingly threaten to harm [the victim] by an unlawful act, to wit: by sending . . . threatening text messages in retaliation for and account of the service or status of [the victim] who had reported the occurrence of a crime, to wit: Assault . . .

The trial court's definition gave the statutory definition of the word unlawful. The added language from the harassment statute, which is a specific offense to that charged, was not necessary to further define an unlawful act, and was improperly included in the charge.

Therefore, we conclude the court's definition was erroneous.[4]

Having concluded that the definition was erroneous, we now consider whether appellant suffered harm. and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171. Appellant objected to the complained-of definition as follows:

> " . . . actually, my objection is under Texas law. That law refers to a completely different crime under the statute of harassment as a crime I did not voir dire on. It's a crime that I presented no evidence on. I did not prepare to defend against that particular crime and I am not prepared to address it, of course, at this late date. And again, I believe it introduces into the charge an additional burden on me as the attorney that wasn't available when this trial started."

We deem this objection sufficient to preserve appellant's complaint that the definition is an incorrect statement of the law. Therefore, we consider whether appellant suffered some harm.

Generally, reversible error occurs in the giving of an abstract instruction only when the instruction is an incorrect or misleading statement of the law that the jury must understand in order to implement the commands of the application paragraph. *Plata,* 926 S.W.2d at 302. But this is precisely what occurred here. The record reflects that appellant assaulted the victim, Megan Lawson, and she told him she was contacting the police. After appellant left the scene, Lawson began receiving threatening text messages from appellant's telephone number. Lawson continued to receive such messages after she went to the police

---

[4] Our conclusion is limited to the facts of this case and the narrow issue remanded for our consideration.

station. Whether appellant sent the messages and whether the messages were actually conveying a threat was the crux of the State's case and the appellant's defense. The unlawful act was the essence of the case. Having the language from the harassment statute in the jury charge was confusing and could lead the jury to believe appellant was guilty of retaliation if it believed appellant harassed the complainant. Therefore, under these circumstances, we cannot conclude that the complained-of definition did not cause appellant to suffer some harm. Appellant's issue is sustained.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

MARTIN RICHTER
JUSTICE

Do Not Publish
Tex. R. App. P. 47

100878F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODERICK PARKER, Appellant

No. 05-10-00878-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 397th Judicial District
Court of Grayson County, Texas. (Tr.Ct.No.
059391).
Opinion delivered by Justice Richter,
Justices Bridges and Murphy participating.

      Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered March 15, 2013.

MARTIN RICHTER
JUSTICE