

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00087-CR

PHILLIP BOYD CASHION, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27916

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Responding to a report of a prowler, Lamar County deputies found Phillip Boyd Cashion near some trees at the back of the complainant's property. Though Cashion claimed he was retrieving wire he had purchased, it was later found that the wire found in the bed of his truck had been clipped from an electrical pole. Cashion was arrested for theft of aluminum, and a search of his vehicle led to the discovery of methamphetamine and a "meth" pipe. In the case appealed here,[1] Cashion was convicted by a jury of theft of aluminum valued at less than $20,000.00[2] and sentenced to eighteen months' confinement in state jail.

In a consolidated brief addressing both cases, Cashion contends that he was egregiously harmed by the trial court's erroneous jury charge and that, in its closing argument, the State made an improper comment on his failure to testify. Because (1) there was no error in the jury charge and (2) Cashion preserved no jury-argument complaint, we affirm the trial court's judgment.

*(1)     There Was No Error in the Jury Charge*

Cashion complains that the abstract portion of the jury charge omitted the "without the effective consent of the owner" element of theft.[3] Although Cashion acknowledges that the application paragraph of the jury charge did address the effective-consent element, he argues that

---

[1]Cashion was also convicted of possession of methamphetamine in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). That conviction has also been appealed to this Court and is addressed in an opinion released the same date as this opinion in our case number 06-19-00088-CR.

[2]*See* TEX. PENAL CODE ANN. § 31.03(e)(4)(F).

[3]A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a). "Appropriation of property is unlawful if . . . it is without the owner's effective consent." TEX. PENAL CODE ANN. § 31.03(b)(1).

the variance between the abstract portion and the application paragraph would have been confusing to the jury, causing harm.

Our review of alleged jury charge error employs a two-step process. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13. "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id.* (citations omitted) (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). "In examining the charge for possible error, reviewing courts 'must examine the charge as a whole instead of a series of isolated and unrelated statements.'" *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)).

The abstract portion of the jury charge in this case stated, "Our law provides that a person commits the offense of theft of material if he unlawfully appropriates property with intent to deprive the owner of the property and the value of the property stolen is less than $20,000 and the

3

property stolen is aluminum." It also included certain statutory definitions, including the statutory definition of "effective consent." *See* TEX. PENAL CODE ANN. § 1.07(a)(19) (Supp.).

The application paragraph of the charge authorized Cashion's conviction only if the jury found beyond a reasonable doubt that Cashion "unlawfully appropriate[d] by acquiring or otherwise exercising control over property, to-wit: aluminum wire of the value of less than $20,000.00 from . . . the owner thereof, without the effective consent of the owner, and with the intent to deprive the owner of the property."

In *Vasquez*, the Texas Court of Criminal Appeals explained:

> The application paragraph is that portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations. Because that paragraph specifies the factual circumstances under which the jury should convict or acquit, it is the "heart and soul" of the jury charge.

*Vasquez*, 389 S.W.3d at 366–67 (citations omitted). Thus, a jury is "authorized to convict based on the application portion of a charge; an abstract charge or a legal theory does not bring that theory before the jury unless the theory is applied to the facts." *Martin v. State*, 252 S.W.3d 809, 814 (Tex. App.—Texarkana 2008, pet. dism'd) (citing *McFarland v. State*, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996) (per curiam), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998); *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995)).

"A charge is adequate if it contains an application paragraph that authorizes a conviction under conditions specified by other paragraphs of the charge to which the application paragraph necessarily and unambiguously refers." *Id.* (citing *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App.

4

1997)).  "If the application paragraph of a jury charge does not incorporate a theory recited only in the abstract portion of the charge, a jury cannot convict on that theory." *Id.* (citing *Hughes v. State*, 897 S.W.2d 285, 297 (Tex. Crim. App. 1994); *Mallard v. State*, 162 S.W.3d 325, 334 (Tex. App.—Fort Worth 2005, pet. ref'd)).

In this case, although the abstract portion omitted that the appropriation of the property must be without the effective consent of the owner, the application paragraph tracked the allegations in the indictment and authorized a conviction only if the jury found beyond a reasonable doubt that Cashion's appropriation of the aluminum was without the effective consent of the owner.  We have previously held that, even though the abstract portion of a charge may be questionable, there is no jury charge error when "the application portion essentially tracks the indictment." *Id*. at 815.  Considering the jury charge as a whole, we find that it was not erroneous.

Further, "[w]here the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious."  *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) (citing *Plata v. State*, 926 S.W.2d 300, 302–03 (Tex. Crim. App. 1996)).  Consequently, any error in the abstract portion cannot be shown to have caused Cashion egregious harm.[4]  *See Martin*, 252 S.W.3d at 815.

We overrule Cashion's jury-charge issue.

---

[4]The level of harm necessary to require reversal due to jury charge error is dependent on whether the appellant properly objected to the error.  *Abdnor*, 871 S.W.2d at 732.  Here, because Cashion did not object to the charge, we will not reverse unless the record shows the error resulted in egregious harm, *see Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)), such that he did not receive a fair and impartial trial.  *See Almanza*, 686 S.W.2d at 171; *Loun v. State*, 273 S.W.3d 406, 416 (Tex. App.—Texarkana 2008, no pet.).  "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory."  *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

*(2)     Cashion Preserved No Jury-Argument Complaint*

Cashion also complains that, during its closing argument, the State commented twice that he did not testify. Cashion argues that these comments violated his constitutional right against self-incrimination under the United States and Texas Constitutions. However, Cashion did not object to the State's comments when they were made at trial and did not otherwise bring this complaint to the trial court's attention. The State argues that Cashion has not preserved this complaint for our review. We agree.

Generally, to preserve an error for appellate review, the complaining party must bring the complaint to the trial court's attention by a timely request, objection, or motion; state the specific grounds for his complaint (unless apparent from the context); and obtain a ruling from the trial court, or a refusal to rule. TEX. R. APP. P. 33.1(a). Even most constitutional errors are forfeited if not raised in the trial court first. *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). A complaint of improper jury argument is also subject to the preservation requirement. *See Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("The right to a trial untainted by improper jury argument is forfeitable.")). Further, "to preserve any error from improper jury argument, a party must object to the argument and pursue the objection until the trial court rules adversely." *Ayers v. State*, 483 S.W.3d 230, 233 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *George v. State*, 117 S.W.3d 285, 289 (Tex. App.—Texarkana 2003, pet. ref'd) (citing *Valencia v. State*, 946 S.W.2d 81, 81 (Tex. Crim. App. 1997)).

Since Cashion made no timely objection to the State's comments during closing arguments and brought no complaint to the trial court's attention, he has not preserved this complaint for our

6

review. We overrule Cashion's complaint regarding the State's comments during closing argument.

For the reasons stated, we affirm the judgment of the trial court.


Josh R Morriss III
Chief Justice

Date Submitted:     September 3, 2019
Date Decided:       September 4, 2019

Do Not Publish