

# NUMBER 13-22-00527-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALEXANDER SCOTT COLTART
A/K/A ALEXANDER COLTART,                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## ON APPEAL FROM THE 52ND DISTRICT COURT
## OF CORYELL COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Alexander Scott Coltart a/k/a Alexander Coltart appeals his conviction for aggravated assault of a public servant, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B). A jury assessed Coltart's punishment at twelve years'

imprisonment, and the trial court sentenced him accordingly.[1] *See id.* § 12.32(a). In one issue, Coltart argues that the trial court provided an erroneous instruction regarding a peace officer's justification for using force, resulting in egregious harm. We affirm.

## I. BACKGROUND

A grand jury returned an indictment charging Coltart with intentionally or knowingly threatening a peace officer with imminent bodily injury by pointing a firearm at him, while knowing that the officer was a public servant, and while the officer was lawfully discharging an official public duty by serving an arrest warrant. *See id.* §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B). Coltart pleaded not guilty, and the case proceeded to trial at which the following evidence was adduced.

Officers with the Copperas Cove Police Department (CCPD) were attempting to serve an arrest warrant on Coltart for aggravated assault. They telephoned Coltart's home requesting that he submit to arrest. Coltart told the officers that he was coming out of his house with a weapon. CCPD responded by deploying a SWAT team to the location. Coltart eventually exited his home carrying a rifle, and he began walking through the nearby neighborhood. The officers trailing Coltart instructed him to put down his weapon, to no avail. After a few minutes, an officer deployed a taser, which had no effect on Coltart. Coltart reacted by turning and aiming his rifle at the officers. Officer Jason Shaefer testified that Coltart's "head started to turn. The rifle comes down. He's turning back in this manner towards me and my teammates." Officer Shaefer and other officers then fired

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

their weapons, striking Coltart multiple times. After Coltart was subdued, CCPD recovered the rifle and a firearm in Coltart's waistband.

In the abstract portion of the jury charge, the trial court instructed the jury without objection that:

> A peace officer[] is justified in using force against another when and to the degree the peace officer reasonably believes the force is immediately necessary to make or assist in making an arrest, if:
>
>> (1) the peace officer reasonably believes the arrest is lawful or, if the arrest is made under a warrant, he reasonably believes the warrant is valid; and
>>
>> (2) before using force, the peace officer manifests his purpose to arrest and identifies himself as a peace officer, unless he reasonably believes his purpose and identity are already known by or cannot reasonably be made known to the person to be arrested.
>
>> . . . .
>
> A peace officer is justified in using deadly force against another when and to the degree the peace officer reasonably believes the deadly force is immediately necessary to make an arrest, if the use of force would have been justified under [the preceding paragraph] and:
>
>> (1) the peace officer reasonably believes the conduct for which arrest is authorized included the use or attempted use of deadly force; or
>>
>> (2) the peace officer reasonably believes there is a substantial risk that the person to be arrested will cause death or serious bodily injury to the peace officer or another if the arrest is delayed.

The application portion of the jury charge read:

> Now, if you find from the evidence beyond a reasonable doubt that on or about August 3, 2016, in Coryell County, Texas, the defendant, Alexander Scott Coltart, did then and there intentionally or knowingly threaten Officer Jason Schaefer with imminent bodily injury by pointing a firearm at him, and did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault, and the defendant did then and there know that the said Officer Jason Schaefer was then and there a public servant,

3

to-wit: a police officer, and that the said Officer Jason Schaefer was then and there lawfully discharging an official duty, to-wit: serving a felony warrant, then you will find the defendant guilty of aggravated assault as charged in the indictment.

The jury returned a guilty verdict. This appeal followed.

## II.    DISCUSSION

## A.    Standard of Review & Applicable Law

The trial court must deliver a "written charge" and read it to the jury. TEX. CODE CRIM. PROC. ANN. art. 36.14. "The charge is meant to inform the jury of the applicable law and how to apply it to the facts of the case." *Alcoser v. State*, 663 S.W.3d 160, 164–65 (Tex. Crim. App. 2022) (citing *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). "A proper jury charge consists of an abstract statement of the law and the application paragraphs." *Fields v. State*, 696 S.W.3d 11, 21 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (citing *Ramirez v. State*, 336 S.W.3d 846, 851 (Tex. App.—Amarillo 2011, pet. ref'd)). The abstract portion of the charge "serve[s] as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge." *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) (citing *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). The application paragraphs apply the "pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012).

We review a claim of jury charge error using a two-step process: (1) we determine whether the charge is erroneous; and (2) if so, we decide whether appellant was harmed

4

by the error. *Alcoser*, 663 S.W.3d at 165 (citing *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013)). A jury charge is erroneous if it denies the defendant the right to have the jury correctly instructed on the law applicable to the case. *Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021) (first citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); and then citing TEX. CODE CRIM. PROC. ANN. art. 36.14). A trial court must maintain neutrality in providing jury instructions and "may not express any opinion on the weight of the evidence or draw the jury's attention to particular facts." *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (citing *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003)).

If the appellant does not object to the jury charge, as here, reversal is required only if the error results in egregious harm. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). "Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* We assess harm by reviewing the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *Alcoser*, 663 S.W.3d at 165 (quoting *Almanza*, 686 S.W.2d at 171). Harmful error in the giving of an abstract instruction generally occurs only if the instruction is an incorrect or misleading statement of a law that "the jury must understand in order to implement the commands of the application paragraph." *Plata*, 926 S.W.2d at 302. Conversely, "superfluous abstractions, those not necessary to an understanding of concepts or terms contained in the application paragraph, are generally innocuous." *Id.*

**B.    Analysis**

Coltart argues that the trial court's instruction regarding a peace officer's use of force "had nothing to do with the indicted offense" of assaulting a public servant who was lawfully discharging an official duty. Coltart maintains that the instruction confused and misled the jury and unlawfully commented on the weight of the evidence. Coltart argues he was egregiously harmed by this error because the only inference to be drawn from this instruction was that "police were within their rights to fire at [Coltart] because he had leveled the gun at them." The State responds that the instruction was appropriate because it related to the officers' lawful execution of their duties and did not comment on the weight of the evidence. The State further contends that the instruction was not egregiously harmful because the application paragraph of the jury charge correctly instructed the jury.

A person commits aggravated assault on a public servant by intentionally or knowingly threatening a person with imminent bodily injury while using or exhibiting a deadly weapon during the commission of the offense, while knowing the person is a public servant who is lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B). The application portion of the jury charge tracked the statutory definition for this offense. The abstract portion of the charge additionally instructed the jury regarding a peace officer's use of force and deadly force. *See id.* § 9.51(a), (c).

One of Coltart's defensive strategies, as articulated in his jury argument and cross-examination, was that he did not raise his weapon to officers until the officers had used

6

force against Coltart. This defensive theory questions whether Coltart responded to the officers' unjustified use of force. Thus, the abstract definition aided the jury in understanding the meaning of terms used in the application paragraph of the charge—namely, whether officers were lawfully discharging an official duty. *See Crenshaw,* 378 S.W.3d at 466; *see also Fields*, 696 S.W.3d at 21 ("Statutory definitions that affect the meaning of an element of the offense should be communicated to the jury."); *Cervantes v. State*, No. 01-86-00708-CR, 1989 WL 4418, at *2 (Tex. App.—Houston [1st Dist.] Jan. 26, 1989, pet. ref'd) (not designated for publication) (concluding in aggravated assault case that the trial court did not err in providing an instruction relating to a prison guard's use of force where the instruction "served as guidance to the jury in defining whether appellant was responding to 'lawful' or 'unlawful' force"). *Cf. Ryser v. State*, 453 S.W.3d 17, 30–31 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (determining in the context of the prosecution of a peace officer for official oppression, that "[b]ecause excessive force by the police can, in turn, justify a limited use of force by a criminal suspect in self-defense, an instruction [on a suspect's use of self-defense] was necessary to accurately set forth the law of the case regarding the law-enforcement justification defense"). Accordingly, we agree with the State that "the peace officer's justification for using force and deadly force was inextricably intertwined" with the issue of whether the officer was "lawful[ly] discharge[ing] his official duty," and it was not error to include such an instruction as law applicable to the case. *See Bell*, 635 S.W.3d at 645.

Further, the trial court's instruction tracked the pertinent statutory language and did not convey any opinion as to the weight of the evidence. A trial court's correct

statement of the applicable law is not a comment on the weight of the evidence. *Zuliani v. State*, 52 S.W.3d 825, 832 (Tex. App.—Austin 2001), *rev'd on other grounds*, 97 S.W.3d 589 (Tex. Crim. App. 2003); *see also Eklund v. State*, No. 13-17-00225-CR, 2018 WL 5074700, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 18, 2018, pet. ref'd) (mem. op., not designated for publication).

Finally, even if we were to agree that the trial court erred, we cannot conclude that Coltart was egregiously harmed by the error. If Coltart is correct that the trial court's instruction regarding a peace officer's use of force "had nothing to do with the indicted offense" of assaulting a public servant, then the instruction would be best described as a "superfluous abstraction[ ]" that is "not necessary to an understanding of concepts or terms contained in the application paragraph." *See Plata*, 926 S.W.2d at 302. In which case, the instruction is innocuous. *See id.* We overrule Coltart's sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
19th day of December, 2024.